UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

* * * * * * * * * * * * * * * * *
                                *
BRIAN DONALD RICHARDS,          *   No. 2:06-cv-01367-AK
                                *
    Petitioner,                 *
                                *
v.                              *
                                *
SACRAMENTO COUNTY               *   ORDER
PROBATION DEPARTMENT,           *
                                *
    Respondent.                 *
                                *
* * * * * * * * * * * * * * * * *

    Petitioner Brian Richards approached a male undercover police officer in a public park and proposed that they engage in oral sex near some bushes. He was arrested, convicted and sentenced to three years probation for soliciting lewd conduct in a public place in violation of California Penal Code § 647(a).

    Richards challenged his prosecution on equal protection grounds in a pretrial motion and, when new evidence became available, raised a Brady claim on appeal. The state appellate courts summarily affirmed, and Richards timely filed this habeas petition. Richards was "in custody" serving his probationary term when he filed; even if his probationary term has since expired, we retain jurisdiction to

page 2

consider his claims. See Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005).

**1. Equal protection.** Richards claims that his right to equal protection was violated because the police arrested and prosecuted only homosexuals for public lewd conduct in the park. We review the last reasoned decision of the state courts—here, the trial court opinion—to ensure it was not "contrary to, or . . . an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005).

The state trial court acted reasonably when it found that Richards did not provide "clear evidence" that the government's enforcement policy "had a discriminatory effect and . . . was motivated by a discriminatory purpose," as is required for claims of selective prosecution on the basis of race or other protected status. United States v. Armstrong, 517 U.S. 456, 465 (1996). Discriminatory effect is established if similarly situated individuals of a different group were not prosecuted. See id.

Private investigators sent by Richards' attorney to surveil the park reported observing heterosexual couples who were not arrested even though they were

kissing and fondling while clothed. The superior court reasonably concluded that those heterosexuals were not similarly situated to Richards, who sought to engage in acts involving public display of genitals and sexual climax.

Richards also contends that the undercover operation unconstitutionally discriminated against homosexuals by employing only male decoys. The Supreme Court has never held that sexual orientation is entitled to heightened scrutiny, and the state court did not act unreasonably when it upheld the practice under rational basis review. The state presented evidence that authorities received frequent complaints about homosexual men engaging in oral sex and masturbation in the park but only sporadic complaints about analogous conduct by heterosexuals. On that record, the state trial court could reasonably conclude that using male decoys was a rational response to illegal conduct actually occurring in the park.

Richards also asserts that the use of undercover officers to target solicitation of lewd conduct was "invidious per se," but he cites no Supreme Court case in support of that claim. Richards does point out that there were no citizen complaints about solicitation in particular, but use of decoys to target solicitation was a rational way to address the underlying problem of public lewd conduct. Decoys enable police to arrest those seeking to engage in such conduct before it might be seen by children and other park-goers. While some individuals arrested

page 4

for solicitation might later be acquitted, that does not negate the fact that the use of decoys advances a legitimate law enforcement interest.

**2. Brady.** Richards contends that the state's failure to disclose a citizen complaint log violated his constitutional rights under Brady v. Maryland, 373 U.S. 83, 87 (1963). Richards is entitled to relief only if he can show a "reasonable probability" of a different result if the evidence had been available at trial. Kyles v. Whitley, 514 U.S. 419, 433–34 (1995). Because the state courts summarily denied relief on this claim, we undertake an independent review of the record to determine whether their decision was reasonable. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

As characterized by Richards, the log contained three complaints regarding sexual conduct. The first involved a man and a woman having sex in a car, the second involved two men and a third individual of unknown gender and the third involved a lone male flasher. A single instance of public lewd conduct by heterosexuals falls well short of "clear evidence" of disparate treatment: The log does not reveal whether the heterosexual couple was arrested, or whether their conduct could have been targeted by police decoys. Nor does the lack of multiple complaints about homosexual conduct negate the state's showing that its

page 5

undercover operation was a reasonable response to a significant problem in the park. The logs cover a period of time beginning only after Richards' arrest and say nothing about complaints occurring before that time. The police decoy operation may have had its desired effect. The state courts didn't act unreasonably when they rejected the Brady claim.

**3. State law.** Richards contends that the state trial court misapplied state law when it held that the presence of the undercover police officer satisfied the requirement of California Penal Code § 647(a) that the lewd conduct occur in a place where other persons might be offended. However, an alleged error of state law is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

\*   \*   \*

Richards is not entitled to habeas relief on any of his claims. The petition for writ of habeas corpus is therefore denied.

page 6

July 27, 2009

_____
ALEX KOZINSKI
Chief Circuit Judge
Sitting by designation